IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTIS RAY MAYES, <br> TDCJ-CID # 689767, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-03-4964 |
| MAJOR HICKSON, et al., | § § § | |
| Defendants. | § | |

## ORDER

Artis Ray Mayes, a Texas prisoner, has filed a civil rights complaint against prison officials. The Defendants have filed an answer and both parties have filed various motions which will be ruled upon below.

### I. Motion to Amend

Mayes has filed a motion to amend his complaint. (Docket Entry 25). He raises new claims of retaliation and seeks to add new Defendants who have allegedly violated his rights after the occurrence of the incidents that are the basis of this suit. The current Defendants have been served and have filed a responsive pleading. The court will **DENY** Mayes's motion to amend. He may file a separate complaint regarding his new allegations. *See Al-Ra'id v. Ingle*, 69 F.3d 28, 33 (5th Cir. 1995).

### II. Discovery Motions and Motion for Protective Order

Mayes has also filed several motions seeking discovery. In one motion (Docket Entry No. 28), Mayes seeks disclosures of records and information of individuals likely to have discoverable information relevant to disputed facts. In the same motion, Mayes asks to be provided with copies or descriptions of all documents or tangible items in the Defendants' or TDCJ-CID's possession or

control which relate to the disputed facts concerning Mayes's work conditions and medical restrictions. Mayes has also filed a motion for interrogatories (Docket Entry No. 31) along with a motion (Docket Entry No. 29) to subpoena the United States District Clerk so that he may inspect and copy the original complaint that he filed.

In response, the Defendants have filed a Motion for a Protective Order (Docket Entry No. 34) in which they assert their entitlement to qualified immunity as well as immunity under the Eleventh Amendment. The Defendants previously raised these defenses when they filed their answer. The Defendants are government officials and the qualified immunity doctrine shields them from civil liability for damages based upon their performance of duties which require the use of discretion. *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 456 (5th Cir. 2001). In addition, qualified immunity protects the Defendants from unnecessary costs, including discovery, associated with civil lawsuits that have no basis. *See Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). Mayes subsequently filed another motion (Docket Entry No. 35) in which he opposes the Defendants' assertion of immunity and seeks to compel the Defendants to respond or answer his requested admissions and interrogatories.

Mayes's discovery requests are overly broad and the discovery should not be compelled at this stage of the proceedings where the Defendants have not yet filed a motion for summary judgment although they have expressed a desire to do so. *See Crawford-El v. Britton*, 118 S.Ct. 1584, 1593 (1998); *Wicks v. Mississippi State Employment Service*, 41 F.3d 991, 994 (5th Cir. 1995). The court will **GRANT** the Defendants' Motion for Protective Order and will **DENY** Mayes's discovery motions.

### III. Motion for Appointment of Counsel

Mayes has filed a motion (Docket Entry No. 33) in which he seeks court appointed counsel. Mayes asserts that he is a sixty-one years of age and has health problems. He further states that he has had to rely on another inmate's assistance in prosecuting the suit because he has been unable to retain an attorney and that the inmate who has helped him is about to parole. Mayes's motion to compel (Docket Entry No. 35) was filed after his motion for court appointed counsel.

In general, there is no right to court appointed counsel in civil rights cases. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). Appointment of counsel is not warranted at this stage in the proceedings due to the elementary nature of the issues in this action and Mayes's demonstrated ability to handle the litigation. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998). The court will reconsider if appointment of counsel is appropriate after the Defendants have filed their dispositive motion. The motion to appoint counsel will be **DENIED**.

### IV. Extensions

The Defendants have filed a motion (Docket Entry No. 26) in which they seek an extension of time to file a dispositive motion. They assert that they are in the process of contacting and interviewing appropriate TDCJ-CID personnel. In response, Mayes has filed a motion (Docket Entry No. 27) in which he asserts that he needs additional time to conduct discovery.

As stated above, Mayes is not entitled to conduct broad discovery. However, he will be allowed sufficient time to respond to the Defendants' dispositive motion. The Defendants have filed a Notice of Initial Disclosure (Docket Entry No. 30) and are required to make available any evidence on which they base their argument for dismissal should they file a Motion for Summary Judgment. Therefore, Mayes will be required to file a response within 30 days after the Defendants file their

dispositive motion. The parties' motions for extensions of time will be **GRANTED** and they shall file their pleadings in accordance with the instructions below.

### V. Conclusion and Order

The court **ORDERS** the following:

1. The Defendants' Motion for Protective Order (Docket Entry No. 34) is **GRANTED**.

2. Mayes' motions to amend, to compel discovery, and to obtain court appointed counsel (Docket Entry Nos. 25, 28, 29, 31, 33, and 35) are **DENIED**.

3. The motions for extensions of time (Docket Entry Nos. 26 and 27) are **GRANTED**.

4. The Defendants shall file any dispositive motions, including a motion for summary judgment under Fed. R. Civ. P. 56, within thirty (30) days of the date of this Order. The Defendants shall submit, with a business records affidavit, copies of any documents relevant to the Plaintiff's claims and the Defendants' defenses, including copies of any TDCJ-CID rules or written unit rules relevant to the alleged events forming the basis of this lawsuit. If the Defendants fail to file a motion for summary judgment within thirty (30) days, they are **ORDERED** to file an advisory with the court stating reasons why summary judgment is inappropriate in this case.

5. Mayes is **ORDERED** to respond to the Defendants motion to dismiss or motion for summary judgment within thirty (30) days of the date in which the defendants mailed Mayes his copy of the motion as shown on the Defendants' certificate of service. **Mayes's failure to respond to any of the Defendants' motions within the time limit may result in dismissal of this action for want of prosecution under Fed. R. Civ. P. 41(b).**

**SIGNED** on this 29th day of March, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE