IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTIS RAY MAYES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-4964 |
| | § | |
| MAJOR HICKSON, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Artis Ray Mayes, a state inmate proceeding *pro se* and *in forma pauperis*, filed this complaint under 42 U.S.C. § 1983 challenging his disciplinary convictions and seeking injunctive relief. Pending before the Court are the following motions:

(1) Plaintiff's request for injunctive relief to transfer defendant Hickson to another prison unit (Docket Entry No. 1);

(2) Defendants' motion for summary judgment (Docket Entry No. 40);

(3) Plaintiff's motion to compel disclosure, for an extension of time, and for discovery (Docket Entry No. 46);

(4) Plaintiff's motion for leave to file amended pleading to conform to summary judgment evidence (Docket Entry No. 47); and

(5) Plaintiff's motion for judgment and order in reference to his pending motions (Docket Entry No. 50).

### I.  BACKGROUND AND CLAIMS

At the time this lawsuit was filed, plaintiff was housed at the Pack Unit where defendant prison officers Hickson and Schroeder were employed. Plaintiff claims that in

2000, he filed a civil rights lawsuit against Hickson in *Mayes v. Hickson*, C.A. No. H-00-2235 (S.D. Tex. 2000). The complaints raised by plaintiff in that lawsuit were corrected by prison officials, and he dismissed the lawsuit in 2001. In this pending lawsuit, plaintiff complains that Hickson and Schroeder retaliated and conspired against him for the 2000 lawsuit by giving him work assignments that violated his medical restrictions then filing false disciplinary charges for his refusal to work. He seeks as relief removal of the disciplinary convictions from his prison record and an injunction transferring Hickson to another prison unit. The Court construes this lawsuit as seeking a declaratory judgment with injunctive and remedial relief.

In their summary judgment motion, defendants argue that plaintiff must challenge the validity of his disciplinary convictions through a habeas proceeding, not a civil rights lawsuit. Defendants further contend that because plaintiff is no longer housed at the Pack Unit and Hickson no longer works at TDCJ, his request for injunctive relief is moot.

## II.   DISMISSAL OF CLAIMS

**A.   Request for Injunctive Relief**

Defendants correctly argue in their summary judgment motion that because plaintiff has been transferred to another prison unit and Hickson no longer works for TDCJ, the claim for injunctive relief is moot. Accordingly, plaintiff's claim for injunctive relief (Docket Entry No. 1) is **DENIED AS MOOT**.

**B.      Claims against Defendant Schroeder**

In compliance with the Court's order, plaintiff filed a more definite statement in this lawsuit. (Docket Entry No. 8.) In question number one, plaintiff was ordered to allege facts supporting the personal involvement of each defendant in any incident that resulted in a violation of his civil rights. In response, plaintiff set forth factual allegations of personal involvement as to defendant Hickson, but none as to defendant Schroeder. Nor were any such facts alleged in plaintiff's response or supplemental response to the motion for summary judgment. (Docket Entries No. 47, 51.) Accordingly, plaintiff's civil rights claims against defendant Schroeder are **DISMISSED** for failure to state a claim, and defendant Schroeder is **DISMISSED** from this lawsuit. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

**C.      Eleventh Amendment Immunity**

To any extent that plaintiff seeks recovery of damages against defendants in their official capacities as employees of TDCJ, the claims are barred by immunity under the Eleventh Amendment. *See Aguilar v. Texas Dep't Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

**D.      Request for Habeas Relief**

Plaintiff seeks removal of the disciplinary convictions from his prison record. To the extent that this lawsuit can be construed as a petition for habeas relief under 28 U.S.C. § 2254, habeas relief is not warranted.

Prisoners charged with institutional rules violations are entitled to due process only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995). According to well-settled precedent, sanctions that are merely changes in the conditions of an inmate's confinement do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, extra work assignments, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id.* The Fifth Circuit also has decided that reductions in a prisoner's class status and the potential impact on good time credit earning ability are not protected liberty interests. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995).

The disciplinary convictions in the instant case show that plaintiff's recreation and commissary privileges were curtailed, and that his classification status was reduced. None of the convictions reflects any loss of good time credits. Because the sanctions assessed against plaintiff do not implicate protected liberty interests, any habeas claim challenging his disciplinary convictions fails to establish the requisite due process violation meriting relief. Any request by plaintiff for habeas relief regarding the disciplinary convictions is **DENIED**.

### III.  MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment, and argue that (1) claims against them in their official capacities are barred by the Eleventh Amendment; (2) plaintiff alleges no

personal involvement by defendant Schroeder; and (3) plaintiff must first successfully challenge the disciplinary convictions by habeas proceedings before seeking relief under 42 U.S.C. § 1983. In light of the Court's rulings in this order, only argument (3) remains salient.

Argument (3) is without merit. Plaintiff clearly contends that Hickson pursued disciplinary action against him in retaliation for plaintiff's 2000 civil rights lawsuit against Hickson. It is well-established by the Fifth Circuit that favorable termination of a disciplinary conviction is not a requisite of a retaliation-based claim. *See Woods v. Smith*, 60 F.3d 1161, 1164-65 (5th Cir. 1995). Accordingly, the motion for summary judgement (Docket Entry No. 40) is **DENIED**.

## IV.   NON-DISPOSITIVE MOTIONS

### A.   Motion for Leave to File Amended Pleading

Plaintiff seeks leave to file an amended pleading to conform to the summary judgment evidence. (Docket Entry No. 47.) Because the Court has denied the summary judgment motion, this motion is **DENIED AS MOOT**.

However, to the extent plaintiff moves to amend his complaint to seek monetary compensation for defendants' retaliation, conspiracy, deliberate indifference, and false disciplinary charges, the motion is untimely at this juncture. This case has been on file for over three years as one seeking declaratory and injunctive relief. Plaintiff neither alleges nor shows good cause for requesting leave to amend his complaint to seek civil rights damages at this late date, and neither justice nor judicial economy would be served by allowing plaintiff to change this lawsuit from one seeking declaratory judgment relief to one seeking

civil rights damages. *See Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (finding no abuse of discretion in denying motion to amend where amendment would increase delay and expand the allegations beyond scope of original complaint); *Ross v. Houston Indep. Sch. Dist.*, 699 F.2d 218, 229 (5th Cir. 1983) (finding no abuse of discretion in denying motion to amend where proposed amendment sought to add new issues and parties and required new discovery and additional hearings). Further, plaintiff's additional claims seek monetary damages for events occurring in or prior to 2003, and arguably are barred by the applicable two-year statute of limitations. Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE § 16.003(a). Nor do plaintiff's grievances show that he exhausted his administrative remedies as to his claims for monetary compensation. *See Booth v. Churner*, 523 U.S. 731, 741 (2001).

Regardless, and to the extent plaintiff seeks damages for false disciplinary convictions unrelated to retaliatory interference, his claims are barred by *Edwards v. Balisok*, 520 U.S. 641 (1997).

Granting plaintiff leave to add these additional claims for monetary damages would be futile. Accordingly, plaintiff's motion for leave to amend his complaint to add civil rights claims for damages (Docket Entry No. 47) is **DENIED**.

**B.     Motion to Compel Disclosure**

Plaintiff requests the Court to enter an order compelling defendants to provide copies of certain documents relevant to the motion for summary judgment. (Docket Entry No. 46.)

As the Court denied the motion for summary judgment, the motion to compel disclosure is **DENIED AS MOOT**.

### C.     Motion for an Extension of Time

Plaintiff requests additional time to respond to the motion for summary judgment and to review documents from defendants. As the motion for summary judgment is denied, the motion for an extension of time is **DENIED AS MOOT**.

### D.     Motion for Judgment and Order

Plaintiff's motion for judgment and order requests the Court to enter orders in favor of plaintiff on his pending motions. (Docket Entry No. 50.) The Court has entered orders on these motions, and the motion is **DENIED AS MOOT**.

### E.     Motion for Discovery

Plaintiff requests leave to serve six interrogatories on defendant Hickson. (Docket Entry No. 46.) The Court has reviewed the six proposed interrogatories, and **GRANTS** the motion for leave to serve as to proposed interrogatory numbers 1, 2, 3, 5, and 6. Proposed interrogatory number 4, requesting information on "all actions" taken in reference to plaintiff's 2000 lawsuit, is not limited to retaliatory actions taken by defendant Hickson, and shall not be served on defendant Hickson. The five interrogatories are deemed served on defendant Hickson as of the date of this order. Defendant Hickson is **ORDERED** to serve plaintiff with his answers to the interrogatories by **November 20, 2006**.

## V.   ORDER FOR DISPOSITIVE MOTION

Plaintiff claims that Hickson pursued the 2003 disciplinary convictions against plaintiff in retaliation for plaintiff's 2000 civil rights lawsuit against Hickson. It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995). To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation requires a showing that but for the retaliatory motive the complained of incident would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger,* 188 F.3d 322, 324-25 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.*

Plaintiff has presented factual allegations sufficient to raise a claim that Hickson pursued disciplinary actions against him in 2003 in retaliation for plaintiff's 2000 lawsuit against him. Defendant Hickson is **ORDERED** to file a second motion for summary judgment as to the merits of plaintiff's retaliation claims by **December 1, 2006**. Plaintiff is **ORDERED** to file a response within thirty (30) days of the date defendant mails plaintiff his copy of the motion, as shown on defendant's certificate of service. Plaintiff's failure to file a timely response shall result in dismissal of this lawsuit for want of prosecution without

further notice.  In the event defendant Hickson is unable to move for summary judgment on this issue, he is **ORDERED** to so advise the Court by **November 15, 2006**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas on October 23, 2006.

_____
Gray H. Miller
United States District Judge