IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTIS RAY MAYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-4964 |
| | § | |
| MAJOR HICKSON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Artis Ray Mayes, TDCJ-CID #689767, a state inmate proceeding *pro se* and *in forma pauperis*, filed this complaint under 42 U.S.C. § 1983 against prison officer Major Hickson. Plaintiff claims that Hickson violated his medical restrictions for work assignments and filed retaliatory disciplinary convictions against him. Hickson filed a motion for summary judgment (Docket Entry No. 62), to which plaintiff has responded (Docket Entry No. 67).

After consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case.

**I.   Background and Claims**

At the time this lawsuit was filed, plaintiff was housed at the Pack Unit where Hickson was employed. Plaintiff claims that in 2000, he filed a civil rights lawsuit against Hickson in *Mayes v. Hickson*, C.A. No. H-00-2235 (S.D. Tex. 2000). The complaints raised by plaintiff in that lawsuit were corrected by prison officials, and plaintiff dismissed the lawsuit in 2001. In the instant lawsuit, plaintiff complains that in 2003 Hickson retaliated

against him for the 2000 lawsuit by giving him work assignments that violated his medical restrictions then filing false disciplinary charges when he refused to work. Specifically, plaintiff complains of the following three disciplinary convictions for failure to work: #20040011346, dated September 13, 2003; # 20040019455, dated September 17, 2003; and #20040025854, dated September 24, 2003. Plaintiff seeks removal of these disciplinary convictions from his prison record.

In his summary judgment motion, Hickson argues that plaintiff's work assignments did not violate his medical restrictions, and that plaintiff fails to show that but for a retaliatory motive, he would not have received the disciplinary convictions.

## II.   Analysis

To prevail on a retaliation claim, an inmate must establish four elements: (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Moreover, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are insufficient. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation plausibly may be inferred. *Id*. Causation requires an inmate to show that but for the retaliatory motive, the adverse action would not have occurred. *McDonald*, 132 F.3d at 231.

2

In the motion for summary judgment, assistant warden Steve Staples testifies by affidavit in relevant part as follows:

> From March 2003 [to] March 2004, [plaintiff] was assigned to the Pack Unit in Navasota, Texas. [He] was assigned to both the Laundry and Food Service Department. The Laundry facility is where many offenders with work restrictions are assigned. The laundry facility is a large, ventilated room that houses washers and dryers, along with folding tables. The washers and dryers are enclosed self contained machines with no external moving parts and the only chemicals used in the laundry room are detergent and bleach. There are no harsh chemicals or dry cleaning supplies.
>
> [Plaintiff] was assigned to the folding table. His duties consisted of folding shorts, pants, underwear, towels, and socks. As a folder [plaintiff] did not work with either the washing machines or the dryers or lift heavy loads. Further, due to the large number of inmates with work restrictions, [plaintiff] only needed to report to work in the laundry room once or twice a week for four hours.
>
> [Plaintiff] was also assigned in food services as a counter-attendant. This duty consisted of serving food in the cafeteria. Again as a food server [plaintiff] would not be in contact with any machinery or exposed to any harsh chemicals. The only chemical used in the serving line is soap to clean the surfaces and utensils. Both[] laundry folder and food server are duties. . . given to offenders whom are unable to move around much and may have difficulty standing.

(Docket Entry No. 62, Exhibit B.) Edgar Hulipas, a physician working in the Texas prison system, testifies by affidavit in relevant part as follows:

> It is my understanding from Plaintiff's original complaint and more definite statement of his complaints that he alleges that he is forced to work in the laundry and kitchen, which violates his health restrictions.
>
> Based upon Plaintiff's medical records, Plaintiff's contention that he was forced to work in the laundry and kitchen against his health restrictions are false. Plaintiff is diagnosed with the following chronic conditions: COPD, a past history of seizures, and a reduction in his right femur. Due to his chronic

3

> health issues Plaintiff has several restrictions placed on his Health Summary Classification; specifically: sedentary work only, limited standing, no climbing, no exposure to environmental pollutants, no work with chemicals or irritants, and no work around machines with moving parts. Plaintiff was assigned to work as a folder in the laundry and as a server in the kitchen. These work restrictions were adequately and appropriately assigned based on his medical conditions, The Plaintiff does not work with carcinogens and toxic fumes that would be deleterious to his well being.
>
> After performing a chart review of Plaintiff's medical records during the relevant time period, I can find no medical evidence that his COPD or seizures were exacerbated by his job placements. From January 2003 through December 2003, Plaintiff's COPD was controlled, his vital signs were within normal limits, and he had no seizures. In conclusion, Plaintiff's claims that his medical restrictions were violated, and that this violation led to a worsening of his chronic ailments, is contrary to the facts documented in the medical record.

(*Id*., Exhibit C.)

Plaintiff fails to present probative summary judgment evidence controverting these factual allegations, and no probative evidence appears in the record supporting plaintiff's conclusory allegations that his work assignments violated his medical restrictions. Accordingly, plaintiff's conclusory allegations fail to establish that but for a retaliatory motive, he would not have received the disciplinary convictions for refusing to work.

Plaintiff presents neither a chronology of events from which retaliation plausibly may be inferred, nor shows that but for a retaliatory motive, he would not have received the disciplinary convictions. His retaliation claims are unfounded. Hickson is entitled to summary judgment dismissing plaintiff's claims against him.

### III.  Conclusion

Based on the foregoing, Hickson's motion for summary judgment (Docket Entry No. 62) is **GRANTED**, and this lawsuit is **DISMISSED** with prejudice.  Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas on February 6, 2007.

_____
Gray H. Miller
United States District Judge